ISAIAH S. BARBOUR v. C. A. WIEHLE ET AL.,
EXECUTORS.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADEL-
PHIA COUNTY.

Argued March 23, 1887—Decided May 9, 1887.

1. Browning acquired a mortgage on June 16, 1870. On January 1, 1874, Wilde owning the mortgaged premises conveyed a part thereof to Barbour. On June 13, 1874, Browning executed to Wilde a deed of release of the mortgage from the parcel conveyed to Barbour, which release Wilde delivered to Barbour, who failed to record it. On July 8, 1878, Psotta acquired the mortgage and subsequently died and then her executors, having purchased the mortgaged premises at a sheriff's sale by *levari facias* from a judgment upon the mortgage, brought ejectment against Barbour, *Held* :

That Wilde, called for the defendant, was within the proviso of the act of April 15, 1869, and incompetent to testify to any matter occurring in the lifetime of Psotta: Warren v. Steer, 112 Penn. St. 634, distinguished.

2. An offer to prove knowledge of an agent or attorney as affecting the

principal with constructive notice, is inadmissible unless it propose to show that the information was gained by the agent or attorney while engaged for the principal in the matter to which it relates.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STER-RETT, GREEN and CLARK, JJ.

No. 42 January Term 1887, Supt. Ct.; Court below, No. 59 December Term 1882, C. P. No. 3.

In the court below this was an action of ejectment by C. A. Max Wiehle and Bernard Feldman as executors of Elizabeth Psotta, deceased, against Isaiah S. Barbour, to recover two certain lots of ground in the 23d ward of the city of Philadelphia. A disclaimer was filed as to one of said lots.

On the trial before JAMES GAY GORDON, J., it having been agreed between the counsel for the parties that both plaintiffs and defendant derived their titles through Jacob Dean and that all deeds should be admitted in evidence as if the subscribing witnesses thereto had been duly sworn or affirmed and examined, the plaintiff introduced evidence showing as follows:

1 Deed from the Ministers, etc., of the German E. L. Congregation of Immanuel Church of Philadelphia to Jacob Dean, dated October 3, 1867, for parcel including the premises in dispute; recorded.

2. Mortgage for $2,666.67 (reduced to $2,000) from Jacob Dean to said Ministers, etc., of said church, for purchase money of said parcel, dated October 3, 1867; recorded.

3. Deed of assignment of said mortgage from said Ministers, etc., of said church to William Hall Waxler, dated January 30, 1868; recorded.

4. Deed of assignment of same from William Hall Waxler to Colson Heiskell et al., dated July 3, 1869; recorded.

5. Deed of assignment of same from Colson Heiskell et al. to Edward Browning, dated June 16, 1870; recorded.

6. Deed of assignment of same from Edward Browning to Joseph Wilde, dated May 15, 1878; recorded.

7. Declaration of no set-off by Solomon Wilde, terre-tenant, dated July 8, 1878; admitted against objection by defendant and exception noted.

8. Deed of assignment of said mortgage from Joseph Wilde to Elizabeth Psotta, dated July 8, 1878; recorded.

9. Record of *scire facias sur* said mortgage, in which C. A. Max Wiehle and Bernard Feldman, executors of Elizabeth Psotta, were plaintiffs and Jacob Dean, with notice to Solomon Wilde, was defendant, with writs of *levari facias* on which the parcel conveyed by said mortgage was sold to the plaintiffs, with deed poll from sheriff for said parcel dated March 25, 1882; recorded.

10. Writ of ejectment and sheriff's return thereto.

The defendant put in evidence,

1. Deed from Solomon Wilde to Isaiah S. Barbour, dated January 1, 1874, and recorded December 16, 1874, for a portion of parcel hereinbefore described in deeds in plaintiff's case. Admitted under exception noted for plaintiff.

The defendant then offered:

Release of said mortgage by Edward Browning, one of the assignees thereof, to Solomon Wilde, then the owner of the premises subject thereto, from the portion described in the deed last mentioned, said release dated July 13, 1874, but not recorded; with disclaimer of record in this suit for the other portion. Objected to by the plaintiffs, whereupon the court held that said deed of release, having been admitted by the plaintiffs to have been executed by said Edward Browning, should go in evidence if followed by further testimony involving notice to said Elizabeth Psotta, deceased, of the said release. Objection of plaintiffs overruled and exception noted

The defendant then called Solomon Wilde, who was duly sworn, and offered to prove by him:

That the said C. A. Max Wiehle, one of the executors and plaintiffs in this suit and now present in court, was, during the lifetime of Elizabeth Psotta, now deceased, her agent or attorney, and was, in point of fact, such agent or attorney on or about July 8, 1878, when the assignment of said mortgage was made to her by Joseph Wilde; and that the witness then notified the said C. A. Max Wiehle, the then attorney or agent of said Elizabeth Psotta, deceased, of the execution of the said release of a portion of the premises described in the writ of ejectment from Edward Browning to Solomon Wilde, dated July 13, 1874, and that the defendant, the said Isaiah S. Barbour, was the owner of that portion by deed from him, the said Solomon Wilde, dated January 1, 1874, and recorded on December 16, 1874.

The plaintiffs objected; objection sustained and exception noted for defendant, the court deciding that the said Solomon Wilde was incompetent to prove any fact or circumstance occurring during the lifetime of Elizabeth Psotta, deceased, of whom plaintiffs are executors;[1] whereupon verdict for plaintiffs and judgment.

A formal bill of exceptions having been sealed by the court upon the request of the defendant, the latter then took this writ, assigning for error the rejection of the testimony of Solomon Wilde on the grounds stated.[1]

*Mr. C. F. Erichson* (with him *Mr. Henry Phillips Coleman*), for the plaintiff in error :

The act of April 15, 1869, by its express terms, does not apply to any action by or against executors, and all proof incompetent at common law is not within the act. The witness, Solomon Wilde, is not made competent by that act, and therefore the question is one to be determined under the law as it stood prior to that statute. He was not a party to the suit, and Elizabeth Psotta, the decedent, was not an assignor of the thing or contract in action, as the sheriff's deed vested the title in the executors of her estate. Is he excluded from being a witness on the ground of interest or policy of law by reason of his being the warrantor of the title of the premises sold by him to Isaiah S. Barbour? Prior to the act of 1869, after the execution of the release by or through him to Barbour, his grantee, he would have no interest in the result and would have been clearly competent; and the act has not rendered any witness incompetent who was not so before its passage.

On January 1, 1874, Wilde conveyed a portion of the premises in suit to Barbour in fee for $3,000, in the deed for which there is no reference to the lien of the mortgage upon the entire premises owned by the said Wilde. The deed therefor was not recorded until December 16 of the same year. The evident intention was that Barbour should take a clear title.

Edward Browning, one of the assignees of the mortgage, on June 13, 1874, before assignment to decedent, executed to Wilde a release of the mortgage on the portion of the premises granted to Barbour to the said Wilde, which he delivered to

Barbour, who failed to place the same on record.   Therefore Barbour could not recover against Wilde in a suit on the warranty in the deed.   Wilde gave him, on the delivery of said release, a clear title, free from the lien of said mortgage, and, if it had been recorded, it would have been legal notice to the decedent.   Without any other circumstance in the case, Wilde was therefore neither interested in the question nor in the result of the suit between the parties on the record.

But executors were parties in the action, and the act of 1869, by its proviso and the decisions thereunder in Tintsman v. Croushore, 104 Penn. St. 192, and Mackrell v. Wolf, Idem 421, render an interested witness incompetent to testify against them.

The rule, however, in Graves v. Griffin, 19 Penn. St. 176, and other cases, in which it is declared that where one of the parties to a contract in litigation is by death denied the privilege of testifying in relation to it, the policy of the law will close the mouth of the other, has been decided by this court to apply to suits upon choses in action only, and does not apply to actions involving the title to real estate.

The present suit is an ejectment, and the subject-matter is the title and possession of real estate.   The executors were plaintiffs suing to recover possession of certain premises from Barbour.   In the case of Warren v. Steer, 112 Penn. St. 634, CLARK, J., decided that " the rule laid down in a large number of cases in this court and recently declared in Fross's Appeal, 15 W. N. 543, that where one of the parties to a contract in litigation is by death denied the privilege of testifying in relation to it, the policy of the law will close the mouth of the other, applies to suits upon choses in action only.   Although it would be difficult perhaps to assign the reason for the distinction, a long line of cases shows the rule has never been held to apply to actions involving the title to real estate."

Edward Browning having released Wilde by release delivered to Isaiah S. Barbour, said Wilde became competent to testify as a witness for Barbour in this case, on the authority of Warren v. Steer, *supra*, as he was not liable over on his warranty in the deed to him.

*Mr. B. F. Fisher*, for the defendants in error:

1. The offer was incompetent, being an offer to contradict

what the witness over his hand and seal had solemnly set forth in his declaration of *no set-off:* Lane's Appeal, 112 Penn. St. 499.

2. To visit a principal with constructive notice of a fact known to his agent, it is necessary that such knowledge should have been gained by the agent in the course of the same transaction: Bracken v. Miller, 4 W. & S. 102; Houseman v. Girard M. B. & L. Association, 81 Penn. St. 256.

3. The plaintiff in error can claim no higher rights against the plaintiffs below than could Solomon Wilde. He claims by deed and release under and from Solomon Wilde, who, by his declaration of no set-off, was a party to the sale of said mortgage to Elizabeth Psotta, and as terre-tenant a party to the suit upon the mortgage. And as the plaintiff in error would be disqualified under the law to testify, the said Solomon Wilde, the assignor as aforesaid of the land to the plaintiff, is no less disqualified: Karns v. Tanner, 66 Penn. St. 305; Pattison v. Armstrong, 74 Idem 478; Hess v. Gourley, 89 Idem 195; Tintsman v. Croushore, 104 Idem 192; Arthurs v. King, 84 Idem 525; Hoopes v. Beale, 90 Idem 82.

4. Every vendor of personal property impliedly warrants the title to the vendee, and is incompetent to establish the title of his vendee, except as made competent by the act of April 15, 1869: Gray v. Whitney, 81* Penn. St. 332.

Warren v. Steer, 112 Penn. St. 634, being an action *inter vivos,* and neither executors nor administrators being parties, is inapplicable.

5. The witness was incompetent prior to the act of 1859, on the ground of interest: Longswamp School District v. Trexler, 58 Penn. St. 141; Jones v. Patterson, 1 W. & S. 321; Robinson v. Eldridge, 10 S. & R. 140; Utt v. Long, 6 W. & S. 174; Wheeler's Est., 8 W. N. 534.

OPINION, MR. JUSTICE CLARK:

The parties to this ejectment claim title from a common source. The premises in dispute, it is conceded, are part of a larger lot of ground owned in fee by Jacob Dean, who, on the 3d October, 1867, executed a mortgage thereon to the Ministers, etc., etc., of Immanuel Church, in $2,666.66 (afterward reduced to $2,000.00), to secure the payment of purchase

money.   On the 2d October, 1869, Jacob Dean conveyed sub-
ject to the mortgage to Solomon Wilde, who by deed dated
1st January, 1874, conveyed the premises in dispute to Isaiah
S. Barbour, the defendant below, without any reference to the
mortgage.

The mortgage of the Ministers, etc., etc., on the 30th Jan-
uary, 1868, was assigned to William Hall Waxler; who, on 3d
July, 1869, assigned to Heiskell *et al.*; who, on the 16th June,
1870, assigned to Edward Browning; who, on the 15th May,
1878, assigned to Joseph Wilde, who, on the 8th July, 1878,
conveyed to Elizabeth Psotta, the plaintiff's testatrix; at
which time, Solomon Wilde delivered to her a declaration of
no set-off; all of these respective assignments were duly re-
corded.

It appears, however, that a release of the lien of the mort-
gage, as to that portion of the mortgaged premises conveyed
on 1st January, 1874, by Solomon Wilde to Isaiah S. Barbour,
was on the 13th July, 1874, executed by Edward Browning,
then the holder of the mortgage, and delivered to Solomon
Wilde; but the release was never recorded. .

A *scire facias* was issued on the mortgage by the plaintiffs
below, being the executors of the last will and testament of
Elizabeth Psotta, deceased, to No. 642 of March Term, 1879,
against Jacob Dean, with notice to Solomon Wilde, terre-ten-
ant, upon which judgment was obtained, and, on the 6th
March, 1882, the mortgaged premises were sold to the plain-
tiffs below, executors, etc., of Elizabeth Psotta, deceased, to
whom a deed in due form covering the entire premises, was
executed.

At the trial of the ejectment the foregoing facts, which are
wholly undisputed, were exhibited in evidence.   As the re-
lease of the lien of the mortgage by Browning to Wilde, dated
13th July, 1874, had not been recorded, the defendants, in
order to establish notice to Elizabeth Psotta of the execution
and delivery at the time the mortgage was assigned to her,
produced as a witness, Solomon Wilde, by whom the premises
had been conveyed to Barbour, and offered to prove by him,
as follows: " That the said C. A. Max Wiehle, one of the exec-
utors and plaintiffs in said suit and now present in court, was,
during the lifetime of Elizabeth Psotta, now deceased, her

agent or attorney, and was, in point of fact, such agent or attorney, on or about the eighth day of July, 1878, when the assignment of said mortgage was made to her by Joseph Wilde; and that the witness then notified the said C. A. Max Wiehle, the then attorney or agent of said Elizabeth Psotta, deceased, of the execution of the said release of a portion of the premises described in the writ of ejectment from Edward Browning to Solomon Wilde, dated the thirteenth day of July, 1874; and that the defendant, the said Isaiah S. Barbour, was the owner of that portion by deed from him, the said Solomon Wilde, dated January 1, 1874, and recorded on December 16, 1874, in Deed Book F. T. W., No. 171, page 247." Objection having been made, the offer was overruled, and this action of the court is the error assigned.

When Wilde delivered the deed of January, 1874, to Barbour, the mortgage was an actual incumbrance upon the property, for which Wilde was responsible on the covenant implied in the deed. The release was not executed until 13th July, following; it was a release to Wilde, had been delivered to him, and he had passed it into the possession of Barbour; but for the genuineness, efficiency and validity of that release, Wilde was responsible to Barbour. It was the only protection he had against his covenant. He was therefore interested in the suit; and as the suit involved the right of Elizabeth Psotta, with which she was invested in her lifetime, and was by the executors of her last will, *qua* executors, he was plainly within the proviso of the act of 1869, and incompetent to testify as to any matter occurring in her lifetime.

If Barbour had formally released Wilde from liability on his covenant, before or at the time he was called to testify, he might perhaps have been competent for the purpose for which he was offered; but this was not done, and, in this respect, the case differs from Warren v. Steer, 112 Penn. St. 634. In that case, the witness, Henry Davis, was released from all responsibility on his covenant before he was called, and as he was not a party to the suit and was divested of all interest in the result, he was held to be competent.

The rule which, in certain cases, excludes the assignor of a chose in action from testifying in support of it, recently delivered in Fross's Appeal, 105 Penn. St. 258, is but the reitera-

tion of a well known principle, recognized in a large number of cases, some of which are there referred to. But it has no application here; the rule referred to is one founded in public policy; it existed independently of and long before the passage of the act of 1869, and is applicable only to suits upon choses in action.

But even if the witness had been competent, the offer is set forth in such vague and indefinite terms as to have justified its refusal. It did not contain any offer to show that Wiehle was the agent or attorney of Elizabeth Psotta in the transfer of the mortgage, or that he gained the information while engaged in the matter of his employment; and this, by all the cases, is essential to bind the principal: Bracken v. Miller, 4 W. & S. 102; Reed's Appeal, 34 Penn. St. 209; Houseman v. Girard B. & L. Association, 81 Penn. St. 256; Bigley v. Jones, 17 Pittsb. L. J. 140.

The judgment is affirmed.