## Sitler, Appellant, *v.* Spring Garden Mutual Fire Insurance Company of York (No. 2).

*Insurance—Fire insurance—Other insurance—Indorsement on policy— Notice—Waiver.*

Where other insurance is required to be indorsed upon the policy, and notice of such insurance is given to the insurer, or its authorized agent acting within the scope of his authority, and the contract is permitted without objection to stand uncanceled, although consent is not formally indorsed upon the policy, further compliance must be treated as waived.

An assured who has covenanted that his contract shall be void in case of failure to give notice of other insurance, and has violated that covenant, is not entitled after a fire and a discovery that he had other insurance of which he had given no notice, to have his premium returned to him, nor can he allege that the company waived the condition of the policy as to other insurance, when, after the fire, it discovered the existence of other insurance, and did not return the premium.

In an action upon a policy of fire insurance where the defense is the failure of the plaintiff to disclose in his application the existence of other insurance, the plaintiff cannot establish a waiver of the condition in the policy by proof that the agent of the company who took the application knew of the other insurance, without any offer to prove that the plaintiff himself had communicated to the agent the facts about the other insurance, or that the other insurance had in any way been referred to at the time the application was made out, or that the agent had acquired his knowledge of the other insurance through the transaction with the plaintiff.

Argued March 19, 1901.   Appeal, No. 23, March T., 1901, by plaintiff, from order of C. P. York Co., Oct. T., 1900, No. 26, refusing to take off nonsuit in case of E. J. Sitler v. Spring Garden Mut. Fire Insurance Company of York.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance.   Before W. F. B. STEWART, J.

At the trial it appeared that the plaintiff in his application for insurance had failed to disclose the existence of other insurance amounting to $2,000.   He claimed, however, that the company had waived the condition in the policy as to other insurance, and in support of this claim made the following offer:

Mr. Black: I now propose to prove by the witness on the

stand, who is under cross-examination, that the defendant company obtained knowledge of the other insurance already testified to within the week following the fire in question; that the defendant company has not returned to the plaintiff the premium of assessments paid by him or any part thereof, and has made no effort to return the premium note, and that the defendant company is now claiming from the plaintiff the amount of $8.20 on account of an assessment, and they aver that the plaintiff is indebted to the defendant company on account of an assessment for that amount.

For the purpose of showing that the defendant at this time, in the trial of this case, is estopped from setting up as a defense a breach of the condition against other insurance.

Mr. Wanner: Objected to as immaterial and inadmissible for the purpose offered, especially that the pleadings do not show that the defendant claims payment in this suit of any assessments nor has any such claim been made at this trial, nor does the defendant intend to make any such claim, and the evidence proposed to be offered is not admissible to show any waiver on the part of the company or any of its rights.

The Court: I will overrule the offer. There is nothing that shows, or proposes to show the defendant company's means of knowledge as to other insurance, and the offer in that particular is indefinite. Exception for the plaintiff. [1]

E. J. Sitler, the plaintiff, recalled on his own behalf, having been previously sworn, took the witness stand.

Mr. Black: We propose to prove by the witness on the stand that his application for this insurance was taken by H. A. May, agent of the defendant company; that before and at the time the application was taken, May knew of the other insurance upon the personal property covered by this policy; that the witness made no representations to May to the contrary; that the application was filed up by H. A. May from his own information and after an examination of the premises; that the plaintiff signed it at May's request without knowing its contents, and that he never did know its contents until after the fire.

For the purpose of showing that any inaccuracies in the answers set forth in the application are attributable to the fraud or mistake of the agent of the defendant company and therefore cannot conclude the plaintiff; and for the purpose of show-

ing that the defendant company, through its agent, had knowledge of the other insurance at the time the policy in suit was issued and that it is therefore estopped from setting up as a defense a breach of the condition against other insurance, not indorsed upon the policy.

Mr. Wanner: Objected to as inadmissible for the purpose offered or for any purpose to affect the rights of the company. The applicant is bound to read his application and know its contents. He was also bound to read his policy and to know its contents, and the application was indorsed upon the back of it. He was further bound within a reasonable time after receiving the policy and the application attached, if there were errors or misstatements in them, to have notified the company and asked for a correction of the same, and the authority of the agent is not shown to have been such as to have affected the company with his knowledge of the alleged facts.

The Court: I will overrule the offer; exception to the plaintiff. [3]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1, 3) rulings on evidence, quoting the bill of exceptions. (5) Refusal to take off nonsuit.

*J. S. Black*, for appellant.—If at the time the policy was issued the company, by its agent, knew that one of the conditions of the policy was inconsistent with the facts, it is estopped from setting up the breach of condition: Caldwell v. Fire Association, 177 Pa. 492; People's Insurance Co. v. Spencer, 53 Pa. 353; Susquehanna Mutual Fire Ins. Co. v. Cusick, 109 Pa. 157; Eilenberger v. Protective Mutual Fire Ins. Co., 89 Pa. 464; Kister v. Lebanon Mutual Ins. Co., 128 Pa. 553; Meyers v. Lebanon Mutual Ins. Co., 156 Pa. 420; Columbia Ins. Co. v. Cooper, 50 Pa. 331; Stacey v. Franklin Fire Ins. Co., 2 W. & S. 544; Davison v. London, etc., Fire Ins. Co., 189 Pa. 132.

*N. M. Wanner*, for appellee.—It has been held that a condition forfeiting a policy unless written notice of additional insurance be furnished to the secretary of the company, is a reasonable regulation, and will be enforced. Notice to a director

in such cases, is not notice to the company: Bard v. Penn Mut. Fire Ins. Co., 153 Pa. 257; Hook v. Mut. Ins. Co., 160 Pa. 229.

A stipulation in a fire policy that if the insured was insured in any other company, the policy shall be considered "sunk," renders the policy absolutely void, without any action on the part of the company, when other insurance is affected: Marshall v. Ins. Co. of North America, 28 W. N. C. 283; Stacey v. Franklin Fire Ins. Co., 2 W. & S. 506.

A waiver of a forfeiture cannot be inferred from the company's silence. It may wait until claim is made on the policy and then in denial thereof, or in defense of a suit commenced thereon, allege the forfeiture: Titus v. Glens Falls Ins. Co., 81 N. Y. 419; Beatty v. Lycoming Co. Mutual Ins. Co., 66 Pa. 17; Diehl v. Adams Co. Mutual Ins. Co., 58 Pa. 452; McFarland v. Kittauning Ins. Co., 134 Pa. 590; Mueller v. South Side Fire Ins. Co., 87 Pa. 399.

It is only where an applicant has acted in good faith, and the mistake or fraud is entirely on the side of the agent, that his acts may be set up against the company in relief of the plaintiff's forfeiture: Dowling v. Merchants Ins. Co., 168 Pa. 234; Mullen v. Union Central Life Ins. Co., 182 Pa. 150; Nassauer v. Susquehanna Mutual Fire Ins. Co., 109 Pa. 507; Susquehanna Mutual Fire Ins. Co. v. Swank, 102 Pa. 17; Cooper v. Farmers Mutual Fire Ins. Co., 50 Pa. 299; Blooming Grove Mut. Fire Ins. Co. v. McAnerney, 102 Pa. 335; Greenfield's Est., 14 Pa. 496; Penna. R. R. Co. v. Shay, 82 Pa. 198; Schuylkill Co. v. Copley, 67 Pa. 386; Weller's App., 103 Pa. 594; Susquehanna Mutual Fire Ins. Co. v. Cusick, 109 Pa. 157.

OPINION BY W. D. PORTER, J., July 25, 1901:

The policy of insurance upon which this action was brought contained this provision : " This entire policy, unless otherwise provided by agreement indorsed thereon and added thereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." At the time the insurance was effected and of the subsequent fire there was in force a policy in the sum of $500 which was stated in plaintiff's written application to the defendant company, and as the company issued the policy and accepted the premium, in

the face of this express notice they must be held to have waived the condition requiring the indorsement of that $500 additional insurance upon the policy in suit. There was, however, at the time this policy issued, as well as at the time of the loss other insurance amounting to $2,000 of which nothing was said in the application. This was a direct breach of the contract upon which plaintiff's action was founded and, unless the condition was waived by the defendant company, it must prevent recovery. The burden of establishing by evidence a waiver of the condition in the policy was upon the plaintiff.

Where other insurance is required to be indorsed upon the policy, and notice of such insurance is given to the insurer, or its authorized agent acting within the scope of his authority, and the contract is permitted without objection to stand uncanceled, although consent is not formally indorsed upon the policy, further compliance must be treated as waived. This has been so frequently decided that citation of authority is unnecessary. The principle underlying these and other cases of like character is, where the company has knowledge of the violation of a condition in the policy, and yet continues to treat the policy as in force, it cannot be permitted to set up such breach to defeat the contract. Such a course tends to lull the party to sleep, by the assurance that the condition of the policy has been complied with and that his indemnity is secure. It is an estoppel which is the true ground upon which the doctrine of waiver in such cases rests : Elliott v. Lycoming County Mutual Ins. Co., 66 Pa. 22; Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475 ; Kalmutz v. Northern Mutual Ins. Co., 186 Pa. 571. The plaintiff's attempt to show a waiver of the condition of the policy by the company was confined to two offers of testimony. 1. That the defendant company obtained knowledge of the other insurance within the week following the fire in question ; that it had not returned to the plaintiff the assessments or the premium paid by him or any part thereof, that it had made no effort to return the premium note, and that the defendant company claim from the plaintiff the amount of $8.20 on account of an assessment. 2. That the application for this insurance was taken by H. A. May, agent of the defendant company ; that May knew of the other insurance ; that the witness made no representation to May to the contrary ; that the application was filled out by May

from his own information, and after an examination of the premises; and that the plaintiff signed it at May's request without knowing its contents and that he never knew its contents until after the fire.   These offers of evidence were rejected by the court, which rulings are now assigned for error.   It was proposed to show under the first offer that the secretary of the company acquired knowledge of the additional insurance after the occurrence of the fire.   Notice to the secretary and treasurer of a fire insurance company of additional insurance may be the equivalent of notice to the company itself (Wilson v. Mutual Fire Insurance Co., 174 Pa. 554), but the notice in this case came too late.

The object of the clause in the contract which the plaintiff attempts to strike down was to give the company full information as to the amount of insurance upon the property and an opportunity to regulate its action accordingly.   This opportunity was not presented until notice was received.   Had a notice been received during the life of the policy the company would then have had the alternative of continuing to assume the risk of loss with knowledge of the circumstances, or canceling the policy.   The failure to cancel the policy would have operated as a waiver of the condition in question.   Had the company permitted the policy to remain in force after notice of the additional insurance it would have rendered the plaintiff subject to other assessments, and by leading him to rely upon this contract of indemnity would have induced him to refrain from seeking other security against loss by fire.   The defendant company was never called upon to exercise this election until after the fire.   It was then too late.   The property was totally destroyed.   The rights of the parties were to be determined as of that time.   The ability of the plaintiff to secure insurance elsewhere was at an end, and this mutual insurance company had no power to assess him for losses upon other property occurring after that date.   The clause in the policy providing for a return of the unearned portion of the premium which has been actually paid, in case the policy is canceled or becomes void, is applicable only to a case where a policy is canceled or declared void while it is in force as a contract of indemnity against future loss.   By the explicit terms of the policy the insurance was void until the additional insurance was duly noted,

and the company was in no default and did no act which could be treated as a waiver.   The risk of the delay was therefore by the terms of the contract on the insured.   An assured who has covenanted that his contract shall be void in case of failure to give notice of other insurance, and has violated that covenant, is not entitled, after a fire and the discovery that he had other insurance of which he had given no notice, to have his premium returned to him: McSparran v. Southern Mutual Insurance Co., 193 Pa. 184.

The offer to prove that the agent, May, had knowledge of the insurance of which the plaintiff failed to give notice was properly rejected.   The scope of May's authority was proved by the plaintiff; it was " to take applications and bring them to the office, to deliver policies back again to parties that took out insurance, and to collect the cash cost of the policies and return that to the company."   He had no authority to collect subsequent assessments, or represent the company in any other capacity.   It being a part of his duty to take applications and return them to the company, the company would be affected with notice of the facts material to the application, communicated to him by the parties who sought insurance.   " Notice to an agent, when it is the duty of the agent to act upon such notice, or to communicate it to his principal, in the proper discharge of his duty as agent, is notice to the principal, and applies to agents of corporations, as well as to others : " Philadelphia v. Lockhardt, 73 Pa. 211.   Had it been proposed to prove that the plaintiff in good faith communicated to the agent the facts with regard to the then existing insurance, and, having relied upon the agent to correctly take down his answers, signed the application without reading it; and that the failure of the application to correctly set forth the facts was due to the fraud or mistake of the agent of defendant, in taking down the answers; the evidence ought to have been admitted.   This upon the ground that notice of the additional insurance had been given to the agent and that it was within the scope of his authority to receive such notice at the time of taking the application.   The mistake or fraud of the agent, within the scope of his authority, will not enable his principal to avoid a contract to the injury of the insured who acted in good faith : Susquehanna Mutual Fire Insurance Co. v. Cusick, 109 Pa. 157 ; Dowling v. Merchants Ins. Co.,

168 Pa. 234.   When the insured fully discloses the facts to the agent, he has a right to assume that the latter will do his duty and transmit the information to the principal.   The offer of the plaintiff, however, embraced nothing of this kind; he did not propose to prove that he had communicated any fact with regard to this insurance to the agent, nor did he offer to prove any fact which could have warranted him in believing that the insurance company had been notified of the additional $2,000 insurance.   When there has been no fraud or deception practiced upon the assured which could reasonably lead him to believe that his application contained a fair statement of the facts, it is not competent for him to contradict that which he signed without caring what it contained: Swan v. Watertown Fire Insurance Co., 96 Pa. 37; Nassauer v. Susquehanna Mutual Fire Insurance Co., 109 Pa. 507; Smith v. Farmers, etc., Mutual Fire Insurance Co., 89 Pa. 287; Smith v. Cash Mutual Fire Insurance Co., 24 Pa. 320.   Had the plaintiff, in connection with this offer of evidence, proposed to show that May in taking the application had referred to the $2,000 policy, and dealt with a view to its existence, that would have brought the knowledge of the agent into this very transaction, and plaintiff would have been warranted in assuming that the fact of the existence of that policy would be communicated to the company, and that when the company issued the policy it was satisfied to waive the condition : Caldwell v. Fire Association, 177 Pa. 492.   The plaintiff contented himself with an offer to prove that the agent knew of the existence of the $2,000 policy, without stating in what capacity or how the agent acquired the information.   "It is well settled that the principal is only to be affected by knowledge acquired in the course of the business in which the agent was employed. . . . . It is a mistake to suppose that it depends upon the reason that no man can be supposed to always carry in his mind a recollection of former occurrences, and that if it be proved that he actually had it in mind at the time, the rule is different. It may support the reasonableness of the rule to consider that the memory of man is fallible in the very best, and varies in different men.   But the true reason of the limitation is a technical one, that it is only during the agency that the agent represents, and stands in the shoes of his principal.   Notice to

him then is notice to his principal. Notice to him twenty-four hours before the relation commences is no more notice than twenty-four hours after it had ceased. Knowledge can be no better than direct actual notice. It was incumbent upon the plaintiff to show that the knowledge of the agent, to use the accurate language of one of our own cases, ' was gained in the transaction in which he was employed.' There was not only no evidence of this offered by the plaintiff, but it was plain that it had been gained before, and in an entirely different transaction : " Houseman v. Girard Mutual Building and Loan Association, 81 Pa. 256. The authority of this case has never been questioned and it has been followed by this court in recent cases : Langenheim v. Anshutz, Bradberry Co., 2 Pa. Superior Ct. 285 ; Wetzell v. Linnard, 15 Pa. Superior Ct. 503. In the case of Barbour v. Wiehle, 116 Pa. 308, an offer to prove the knowledge of the agent, as affecting his principal with constructive notice, was held inadmissible unless it was proposed to show that the information was gained by the agent while engaged in the matter of his employment.

The learned court below committed no error, either in excluding the testimony or refusing to take off the judgment of nonsuit.

The judgment is affirmed.