# Miller *v.* National Casualty Company, Appellant.

*Insurance—Accident insurance — Misrepresentations — Application.*

Where in an action on a policy of accident insurance, it appears that by the terms of the policy an allowance of $60.00 per month was provided for in case of total disability, and a principal sum of $600.00 in case of death, a misrepresentation in the application ·as to the insured's earning power which affected only the monthly allowance will not in itself defeat an action for death. In such a case if there is any doubt, through the obscure wording of the policy, as to whether the misrepresentation was material to the risk, the case is for the jury.

Where in such a case the deceased stated in his application that he received an income per month 33 1-3 per cent in excess of $60.00 per month, and the company shows at the trial that the deceased was paid a salary by his employer less than $60.00 per month for a day from 8:30 a. m. to 5:30 p. m., but fails to show that he did not earn more by other work, the court will not say as a matter of law, that there was a misrepresentation, but will leave the case to the jury.

The difference between a warranty, and a misrepresentation in an application for insurance, is that a warranty must be literally true, without regard to its materiality to the risk, while a misrepresentation must be true only so far as it is material to the risk.

Argued Dec. 15, 1915. Appeal, No. 356, Oct. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1912, No. 1374, on verdict for plaintiff in case of Frederick H. Miller, Administrator d. b. n. of the Estate of William B. Miller, deceased, v. National Casualty Company, a corporation under the laws of the State of Michigan. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a policy of accident insurance to recover the amount provided in the policy for the death of the insured. Before DAVIS, J

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $707.11. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Jacob Weinstein,* with him *Henry C. Walters* and *M. B. Elwert,* for appellant, cited: Timlin v. American Patriots, 249 Pa. 465; Shannon v. Macabees, 54 Pa. Superior Ct. 634.

*R. M. Livingston,* with him *F. X. Renninger,* for appellee, cited: Humphreys v. Natl. Benefit Assn., 139 Pa. 264; Burkhard v. Travellers' Ins. Co., 102 Pa. 262; Mutual Benefit Life Ins. Co. v. Herold, 198 Fed. 199.

OPINION BY ORLADY, P. J., March 1, 1916:

The policy of insurance on which this suit is founded provides for a number of indemnities, ranging from total loss of life, through partial liability for loss of hands, feet, or eyes, single or entire: double indemnity in specified instances, for confining and nonconfining illness; special and chronic diseases, and a percentage accumulation under named conditions, and was in force when the insured met an accidental death by drowning. The controlling clauses are—Paragraph A, entitled "Accident indemnity for total disability, at the rate of sixty dollars per month against total loss of time, not exceeding twenty-four consecutive months, resulting from bodily injuries effected directly and independently of all other causes through external, violent and accidental means, and which immediately, continuously and wholly, from date of accident, disable and prevent the assured from performing every duty pertaining to any business or occupation," and Paragraph C, as follows: "Specified total losses. In event of any one of the following specific

total losses, which shall result from bodily injuries, as described in paragraph (A) within ninety days from date of accident, the company will pay in lieu of any other indemnity, the principal sum of six hundred dollars......"

The sole defense made to this claim in the court below, and in this court is that, in the application made by the assured, and on the faith of which the policy was issued, there is a false statement of a material warranty in regard to "income per month" of the assured. The application provides—that the policy "is to be based upon the following statements of facts, which I warrant to be complete and true and material and binding upon me, and if any of the answers or statements made are not full, complete and true,......then the contract shall be null and void." The clauses claimed to be controlling here are as follows: "4, I am employed by Studebaker Company. 5, My income per month exceeds the amount of the monthly indemnity herein applied for by at least 33 1-3 per cent. Yes. 6, The duties of my occupation are fully described as follows: Office only." The defendant adduced evidence to show that the deceased, at the time of signing the application, as an item of his income per month received a salary of $43.34 per month for his services from 8:30 a. m. to 5:30 p. m., of each working day, and offered no further proof to show any additional "income per month" of the deceased. This suit is not brought to recover the accident indemnity, provided for in paragraph A, "at the rate of sixty dollars per month against total loss of time," but, is brought by the administrator of the decedent under the provisions of paragraph C, to recover the specific total loss of life, the principal sum of six hundred dollars, which is stated in the application to be "in lieu of any other indemnity."

The answers to the questions in the application, are evidently intended to relate to every phase of the various indemnities mentioned, and the clauses quoted, on which

the defendant relies cannot, by the ordinary use of language, refer to any other, than the amount the assured would be entitled to receive, under the accident indemnity for total disability, (paragraph A), "at the rate of sixty dollars per month, against total loss of time." No claim is made in this action under that clause, and the answers quoted did not affect the liability of the company under the specific total loss clause (paragraph C), "in lieu of any other indemnity" so that, it was not material in accepting the risk or in determining the liability of the company under paragraph C, what his income per month was, and if there is any doubt, whether the answers applied to paragraph A, or could refer as well to paragraph C, it is caused by the obscure wording of the application, and, this is to operate against the company as the words are selected and arranged by it. As stated above, this specific total loss is "to be in lieu of any other indemnity" and the materiality of the answers should relate to the cause of action. Warranties must be literally fulfilled; hence they are not favored, and if it is doubtful whether statements made by the applicant, relative to the subject of the insurance, are to be regarded as warranties, or as representations, they will be deemed representations. A warranty is a part of the contract, and consists of an assertion of a fact, or an undertaking to do a particular act, upon the accuracy or performance of which the validity of the contract depends: 16 Am. & Eng. Enc. of Law 923-25. The difference between a warranty, and a representation in an application for insurance, is that a warranty must be literally true, without regard to its materiality to the risk, while a representation must be true only so far as it is material to the risk: Mut. Ben. Life Ins. Co. v. Robinson, 22 L. R. A. 325; 58 Fed. Rept. 723. All doubt would have been solved, if the company had fairly inquired of the sources of income of the assured, and, as stated by Judge COOLEY, in Insurance Co. v. Olmstead, 21 Mich. 251, 4 Am. Repts. 483, "It cannot be tolerated

that one party shall draft the contract for the other, and receive the consideration, and then repudiate his obligation on the ground that he had induced the other party to sign an untrue representation, which was by the very terms of the contract, to render it void." It is just as unfair to obtain a partial answer to one of its questions and then rely on its inadequacy, as to have the entire statement misleading or untrue. In commingling these nonrelated subjects, the company is not in position to complain, if some phases of the writing it secures are doubtful and ambiguous by reason of its neglect in obtaining more specific answers. Statements which are immaterial to the risk, made in good faith and in the belief that they are true, by an applicant for life insurance but which are incorrect or untrue will not avoid the policy: Smith v. Metropolitan Life Insurance Co., 183 Pa. 504; Barnes v. Fidelity, Etc., Life Assn., 191 Pa. 618; Baldi v. Metropolitan Ins. Co., 18 Pa. Superior Ct. 599. The circumstances surrounding the making of the contract, and affecting the subject to which it relates, form a sort of context that may properly be resorted to, for aid in determining the meaning of the words and provisions and the contract should be liberally construed in aid of the indemnity which was in contemplation of the parties who made it: McKeesport Machine Co. v. Ins. Co., 173 Pa. 53. And if there be any doubt as to the application of a special clause, under general canons of construction, it is to be resolved in favor of the insured: Bemis v. Ins. Co., 14 Pa. Superior Ct. 528. Where the defense is that there was a breach of a material warranty in the application for insurance, the burden of proof rests on the defendant, and when the party who has the burden of proof relies upon the testimony of witnesses to make out or establish his defense, it is the province of the jury to pass upon the credibility of the witnesses. As said by President Judge RICE in Cobb v. Ins. Co., 19 Pa. Superior Ct. 228, we have not undertaken to show that the verdict was in accordance

with the weight of the credible testimony. Nor is it necessary that we should do so, in order to affirm this judgment. It is sufficient to show that the court could not have given binding instructions upon the questions of fact arising upon the testimony without usurping the functions of the jury.

The judgment is affirmed.