# Benvenuto v. Central Manufacturers' Mutual Insurance Company, Appellant.

*Fire insurance—Automobiles—Action on policies—False warranties—Act of May 17, 1921, P. L. 682, section 523.*

The standard form of fire insurance policy prescribed by the Act of May 17, 1921, P. L. 682, section 523, does not apply to policies insuring automobiles while in use against fire. Such a form of standard fire insurance policy covers only buildings and personal property having a fixed situs, at least to the extent of being contained in a building or something in the nature of a building. The very terms of the standard form there prescribed admit of no other construction.

*Fire insurance—Action on policy—False warranties.*

The general rule is that in actions on policies of insurance containing a warranty of the truth of certain facts, the validity of the contract depends on the truth of the warranty and the policy is avoided if it turns out that the facts are not as warranted.

Where, in an action on an insurance policy on an automobile it appeared that the insured had made false statements as to the age and the cost of the car covered by the policy, such misrepresentations were material and avoided the policy.

Argued October 16, 1922. Appeal, No. 182, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Oct. T., 1921, No. 310, in favor of plaintiff in the case, tried by the court without a jury, in suit of James Benvenuto v. The Central Manufacturers' Mutual Insurance Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on policy of insurance. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $1,500 and judgment was entered thereon. Defendant appealed.

214 BENVENUTO v. CENTRAL MFRS. M.INS.CO., Appel.

Assignment of Errors—Opinion of the Court. [80 Pa. Superior Ct.

*Errors assigned* were various findings of fact and the judgment of the court.

*John W. Speckman,* for appellant.—The misrepresentations in the policy were material and the plaintiff cannot recover: Cornog v. Wilson, 231 Pa. 281; 26 C. J. 160; State Mutual Fire Insurance Company v. Arthur, 30 Pa. 315; Pottsville Mutual Fire Insurance Company v. Horan, 89 Pa. 438; Home Mutual Life Association v. Gillespie, 110 Pa. 88; United Brethren Mutual Aid Society v. White, 100 Pa. 12; Blooming Grove Mutual Fire Insurance Co. v. McAenerney, 102 Pa. 335; Wall v. Royal Society of Good Fellows, 179 Pa. 355.

*Irwin L. Sessler,* and with him *Gustavua C. S. Welzel,* for appellee, cited: Livingstone v. Boston Insurance Co., 255 Pa. 1; Watertown Fire Insurance Co. v. Simons, 96 Pa. 520; Hoffman v. Mutual Fire Insurance Co., 274 Pa. 299; Enyeart v. Farmers Fire Insurance Co., 65 Pa. Superior Ct. 425.

OPINION BY KELLER, J., December 14, 1922:

Defendant, a mutual insurance company, incorporated in Ohio, but authorized to do business in Pennsylvania, issued plaintiff its policy insuring him to the amount of $1,500 against direct loss or damage, from the perils insured against, to the body, machinery, and equipment of his automobile described therein while within the limits of the United States. The perils insured against, as printed in the policy, were: (a) Fire, arising from any cause whatsoever, and lightning. (b) While being transported in any conveyance by land or water, the stranding, sinking, collision, burning or derailment of such conveyance. (c) Theft, robbery or pilferage.

By a rider attached to the policy the perils insured against under clause (c) Theft, robbery and pilferage, were excluded.

The policy contained the following provision: "Warranties by the Assured......The description of the automobile insured, the facts with respect to the purchase of the same, the uses to which it is and will be put, and the place where it is usually kept, as set forth and contained in this policy, are statements of fact, known to and warranted by the insured to be true, and this policy is issued by the company relying upon the truth thereof."

The description of the automobile contained in the policy was as follows:

| Model Year | Trade Name | Type of body | Factory Number | List Price | Motive Power |
|---|---|---|---|---|---|
| 1917 | Fiat | Limousine | 6451 | | Gas |

The facts with respect to the purchase of the automobile described, as set forth in the policy, were as follows:

| Purchased by the Assured Month Year New or Second-hand | Actual cost to Assured including equipment $2,600 |
|---|---|
| July 1919 Second-hand | |

The insured automobile was destroyed by fire while in use on the highways and this action was brought upon the policy.

It developed at the trial that the automobile was a 1916 year model instead of 1917 as warranted in the policy. The plaintiff so testified himself, and said his agent in procuring the insurance had made the mistake. The policy showed an erasure over which 1917 was written and defendant's agent said it had at first been written 1918 and changed to 1917. No testimony was produced to the effect that it was ever written, 1916, or that plaintiff's agent had represented the car to be a 1916 year model when the insurance was obtained. Plaintiff produced the policy and made no explanation of the erasure, so it may be taken for granted that the policy was in its present shape when delivered to him by the defendant company. It was so declared upon by him in his statement. He also testified that he had paid

but $1,650 for the car when he bought it, but had paid a painting bill of $65, and $600 or $700 for equipment and repairs within a week after the purchase. This would make the cost at the outside only $2,415, instead of $2,600 as warranted, even if repairs can be considered as a part of the cost of the car within the contemplation of the contract.

The general rule is that in actions on policies of insurance containing a warranty of the truth of certain facts, the validity of the contract depends on the truth of the warranty, and the policy is avoided if it turns out that the facts were not as warranted: Commonwealth Mutual Fire Ins. Co. v. Huntzinger, 98 Pa. 41; Wall v. Royal Society of Good Fellows, 179 Pa. 355; March v. Metropolitan Life Ins. Co., 186 Pa. 629; Smith v. Mutual Life Ins. Co., 196 Pa. 314; Murphy v. Prudential Ins. Co., 205 Pa. 444; Suravitz v. Prudential Ins. Co., 244 Pa. 582, 584.

The plaintiff seeks to escape the effect of the false warranties by asserting that the policy is not in the standard fire policy form prescribed by the Act of May 17, 1921, P. L. 682, section 523, and that the statements must be given the effect of representations only, not avoiding the policy unless material. In our opinion the statements as to the age and cost of the car were material, but, in any event, it is clear from a reading of said section 523, that the standard policy thus provided for has reference only to buildings and personal property contained in buildings or similar constructions, and having a fixed or continued situs, for it applies only "to the following described property while located and contained as described herein......but not elsewhere" (p. 734); and theft is specifically excluded from the provisions of the policy, (p. 735). The standard form policy is wholly inapplicable by its terms to a subject such as an automobile in use and intended to be in use on the highways while insured. The standard form does not cover the perils included in clauses (b) and (c) of the form of

policy in suit and a very large part of its provisions are
clearly inapplicable to the subject of insurance in the
circumstances of this case. Those which are applicable
are for the most part included in the policy.

This requires us to consider the subjects which a fire
insurance company may insure against. They are found
in the Act of 1921, supra, section 202 (b) (1) and (2).
By its provisions such companies may be incorporated
for any or all of the following purposes:

"For making insurances—(1) On dwelling houses,
stores, and all kinds of buildings, and household furni-
ture and other property,—against loss or damage, includ-
ing loss of use or occupancy, by fire, lightning, and
explosion, whether fire ensue or not, except explosion on
risks specified in paragraph (5) of subdivision (c), and
by tornadoes, cyclones, windstorms, earthquakes, hail,
frost, sleet, snow, or flood; against loss or damage by
water to any goods or premises, arising from the break-
age or leakage of sprinklers, pumps, or other apparatus
erected for extinguishing fires, and of water pipes;
against accidental injury to such sprinklers, pumps, or
other apparatus; against loss or damage caused by the
caving in of the surface of the earth above coal mines;
and against loss or damage caused by bombardment, in-
vasion, insurrection, riot, civil war, or commotion, and
military or usurped power; and to effect reinsurance of
any risk provided for in this clause.

"(2) Upon vessels, boats, cargoes, goods, merchan-
dise, freight and other property,—against loss or dam-
age by all or any of the risks of lake, river, canal, and
inland navigation and transportation; *upon automo-
biles, airplanes, seaplanes, dirigibles, or other aircraft,
whether stationary or in operation or in transit, against
loss or damage by fire, explosion, transportation, colli-
sion, or by burglary, larceny, or theft;* not including, in
any case, insurance against loss by reason of bodily in-
jury to the person; and to effect reinsurance of any risk
provided for in this clause."

The act also provides for the licensing by the insurance commissioner of foreign stock and mutual fire insurance companies to transact the classes of business mentioned in subdivision (b) of section 202 above.

It is clear that the policy in suit is issued under paragraph (2) above and not under paragraph (1) ; and it is equally clear that the form of standard fire insurance policy prescribed in section 523 is limited to the subjects embraced within the first four lines of paragraph (1) above and covers only buildings and personal property having a fixed situs, at least to the extent of being contained within a building or something in the nature of a building. The very terms of the standard form there prescribed admit of no other construction.

There is no allegation in the plaintiff's statement, or proof in the case, that the form of policy used in effecting this insurance, had not been filed with the insurance commissioner of Pennsylvania or had been disapproved by him, pursuant to the provisions of section 804 of the Act of 1921, supra.

As the warranties with respect to the year model of the car and its cost were false it follows that the plaintiff was not entitled to recover on the policy. These subjects of warranty were important and material. As an automobile depreciates in value from year to year, an insurance company is justified in determining the amount of insurance it will place on an automobile by the age of the car and its initial cost and it has a right to demand truthful statements as to these matters and require that such statements shall be warranties.

Under the evidence judgment should have been entered for the defendant instead of the plaintiff.

The seventh and tenth assignments of error are sustained. The judgment is reversed and the record is remitted to the court below with directions to enter judgment for the defendant.