# Puro, Appellant, *v.* Franklin Fire Insurance Company.

*Fire insurance—Automobiles—Action on policy—False warranties.*

In an action to recover on a policy of insurance on an automobile, which was stolen while the policy is in force, the defendant is entitled to binding instructions in its favor, where it appeared that the plaintiff had misrepresented the cost of the machine, and that one of the warranties in the policy, on the faith of which it was issued, was the actual cost to the assured of the automobile. The warranty related to the cost of the automobile at the time the policy was obtained.

Argued March 13, 1924.   Appeal, No. 36, Oct. T., 1924, by plaintiff, from judgment of Municipal Court of Phila. Co., Nov. T., 1922, No. 819, giving binding instructions in favor of the defendant in the case of B. Puro v. Franklin Fire Insurance Company of Philadelphia.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on policy of insurance.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendant and entered judgment thereon.   Plaintiff appealed.

*Errors assigned* were, among others, various rulings on evidence, and in affirming defendant's point for binding instructions.

*Nathan Shapiro,* and with him *Evans & Wernick,* for appellant.

*Horace Michener Schell,* for appellee.

OPINION BY KELLER, J., April 21, 1924:

It is not necessary for us to pass in detail upon the twenty-two assignments of error filed in this appeal or to review at length the various rulings upon evidence of the court below which are objected to here; for the reason that the plaintiff's own undisputed testimony justified the trial court in giving binding instructions in favor of the defendant, and his offers of evidence, to which objections were sustained, if admitted, would not have changed the situation.

The action was in assumpsit upon a policy of insurance insuring the plaintiff in the sum of $600 against loss or damage from fire and theft to a Dodge automobile truck, which was stolen while the policy was in force.

One of the warranties in the policy, on the faith of which it was issued, was that the actual cost to the assured of the automobile, including equipment, was $650. The plaintiff admitted that he bought the truck from the United States Government for $65; but sought to show that at the time the policy was taken out, he expected to fix it up at a cost of $650, and that after the policy was issued he did spend that amount upon it in repairs.

We agree with the learned trial judge that the warranty related to the cost to the assured of the truck at the time the policy was obtained: State Mutual Fire Ins. Co. v. Arthur, 30 Pa. 315, 331; 32 C. J. 1296; and that if it was then false in fact the policy was avoided: Benvenuto v. Central Mfrs. Mut. Ins. Co., 80 Pa. Superior Ct. 213; Smith v. Ins. Co., 24 Pa. 320. The plaintiff did not testify, nor offer to prove, that he had informed defendant's agent of the true cost of the truck: Sitler v. Fire Ins. Co., 18 Pa. Superior Ct. 148, 155. On the authority of the Benvenuto case and Goldberg v. Knickerbocker Ins. Co., 82 Pa. Superior Ct. 302, the judgment must be affirmed.

Judgment affirmed.