# Monaco, Appellant, v. Queen Insurance Company of America.

*Fire Insurance—Automobiles—Action on policy—False warranty.*

In an action to recover on a policy of fire insurance on an automobile, the defendant insurance company is entitled to binding

instructions in its favor, where it appears that the insured had misrepresented the cost of the automobile, and that one of the warranties in the policy on the faith of which it was issued, was the actual cost of the machine.

Where an automobile is purchased on a bailment lease and a certain sum of money paid to the financing corporation, the cost of such financing cannot be included in determining the actual cost of the car to the insured.

Argued May 1, 1925. Appeals Nos. 162 and 163 April T., 1925, from judgment of C. P. Allegheny County, October T., 1922, No. 634, in the case of Anthony J. Monaco and Joseph C. Monaco vs. Queen Insurance Company of America. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on policy of fire insurance. Before REID, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the defendant. Plaintiff appealed.

*Errors assigned,* among others, were refusal of points as quoted in the opinion of the Superior Court, and refusal of the plaintiffs' motion for a new trial.

*Ben Paul Brasley,* for appellants.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellee.

OPINION BY PORTER, J., October 6, 1925:

These are actions of assumpsit on policies of insurance upon automobiles, in which the plaintiffs seek to recover for damage by fire caused to their respective cars. The policies were indentical in form, the material facts involved were precisely similar, the cases were tried together in the court below, the appeals present but a single question and may be prop-

erly disposed of by one opinion. One of the warranties in each of the policies, on the faith of which it was issued, was that the actual cost to the insured of the automobile, including equipment, was $3600.00. The insurance company defended upon the ground that this fact, as warranted in each of the policies, was not as warranted, and that the policies were for that reason avoided. The trial resulted in a verdict and judgment for the defendant and each of the plaintiffs appeals.

The plaintiff testified [and this applies to each of the cases] that he had bought the car from the Seventh Street Garage, in June or July 1920, and had paid for the same, including all equipment, the sum of $3600.00. If this testimony was true, there was no breach of the warranty contained in the policy. The defendant company, on the other hand, produced evidence, oral and written, which tended to establish the following facts. The plaintiff was a member of a firm trading as Monaco Motors Co. which had an arrangement with the Seventh Street Garage, the distributor of the cars in question, that the latter would pay to the former a commission of ten per cent. on all sales made to customers introduced by the plaintiff or his partners. The plaintiff Anthony J. Monaco took to the place of business of the garage company one Andrew Knezevich, who agreed to purchase one of the cars in question for the price of $3175.50, including all equipment. Knezevich had not sufficient money to pay the entire purchase price and application was made to the Republic Acceptance Corporation to furnish the balance of the purchase money. The acceptance corporation insisted that the Monaco Motors Co. must guarantee payment of the balance of the purchase money by Knezevich, including a charge by the acceptance company of $426.92 for their services, insurance and interest. It was arranged that the Monaco Motors Co. should execute a bailment lease to Knezevich, fixing the price of the car at $3602.42, less the cash payment

of $900.61, leaving a balance of $2701.81, which was to be paid in monthly instalments of $225.15 and that Knezevich was to give his note to the Monaco Motors Co. for $2701.81 and that the motors company was to at once assign all their rights, as lessors on the bailment lease, to the acceptance company, and indorse and deliver to the acceptance company the note for $2701.81. This arrangement was carried into effect; Knezevich paid to the Seventh Street Garage $900.61; he and the Monaco Motors Co. executed a bailment lease, in which the latter was named as bailer and owner; he gave his note to the Monaco Motors Co. for $2701.81, which amount was to be paid in twelve instalments, as above indicated; the Monaco Motors Co. at once assigned the lease and indorsed the note and immediately delivered both lease and note to the Republic Acceptance Corporation and the latter paid to the Seventh Street Garage the balance of the price at which the latter had sold the car, $3175.50, less $900.61 already paid by Knezevich. The Seventh Street Garage then delivered the car to Knezevich, and the garage company paid to the Monaco Motors Co. ten per cent. of the price for which the Seventh Street Garage had sold the car. Knezevich, if he had paid the twelve monthly instalments as provided by the bailment lease, would have become the absolute owner of the car. He did make six payments amounting to $1350.90; he failed to make further payments and the Republic Acceptance Corporation called upon the Monaco Motors Co. to pay the balance under the guaranty above referred to, and subsequently sued and recovered judgment for $1576.00, including costs, which was collected. The Monaco Motors Co., being subrogated to the rights of the Republic Acceptance Corporation, issued a writ of replevin, recovered possession of the car, and subsequently took out the policy of insurance in suit. It is contended by the learned counsel representing the plaintiff that the cost of financing the

purchase of the car by Knezevich, $426.92, the amount
charged by the Republic Acceptance Corporation,
should be added to the price at which the Seventh
Street Garage sold the car, thus making the actual cost
of the car $3602.42. The court below charged the
jury that this cost of financing could not be included in
determining what was the actual cost of the car to
this plaintiff, which ruling the plaintiff assigns for
error, and thus raises the only question involved in
this appeal.

The court did not err in so charging the jury. When
the car was by the Seventh Street Garage delivered to
Knezevich this plaintiff did not pay any money. He,
on the contrary, received his ten per cent. commissions
on the price at which the garage company had sold
the car, which commissions would amount to $318.55.
In order that the sale might go through and the plain-
tiff receive his commissions he guaranteed that Kneze-
vich would make the monthly payments, amounting to
$2701.81; this marked the utmost limit of his liability
even if Knezevich failed to pay. The plaintiff never
agreed to pay $3600.00 for the car, nor did he pay the
cost of financing. It is not necessary for us here to
decide whether Knezevich, if he had made all his pay-
ments could properly assert that the actual cost of the
car to him was $3600.00, for that is not this case.
What we do decide is that there was no evidence in the
case to warrant a finding that this plaintiff had ever
paid or agreed to pay any of the cost of financing the
purchase by Knezevich. The learned counsel repre-
senting the plaintiff concedes that if the facts as to
the actual cost of the car were not as warranted the
plaintiff was not entitled to recover; we have in cases
precisely similar to this held that this is the correct
view of the law; Benvenuto v. Central Manufacturers'
Insurance Co., 80 Pa. Superior Ct. 213; Puro v. Frank-
lin Fire Insurance Co., 83 Pa. Superior Ct. 164.

The judgments are affirmed.