# Kiefer, Appellant, *v.* Girard Fire & Marine Ins. Co.

*Insurance—Automobile insurance—Warranty as to price—Evidence—Statement of agent.*

1. Where an applicant for insurance on an automobile, warrants that he paid $4,350 for the car, but the proofs show that he paid only $2,650 for it, he cannot recover on the policy issued to him.

2. Where, in applying for insurance, there has been no fraud or deception practiced on an insured, which could reasonably lead him to believe that his application contained a fair statement of the facts, it is not competent for him to contradict the application which he signed without caring what it contained. This is particularly true when warranties are involved.

3. In an action on a policy of insurance, an offer to show fraud on the part of defendant's agent in filling out the application, is properly rejected, even though the application has not been offered in evidence, if it appears that plaintiff had violated an essential warranty.

4. Contracts of insurance are contracts of indemnity, and, as respects insurance on automobiles, no warranty can be more material to the risk than that of the price paid for the car by the insured.

Argued February 2, 1926.   Appeal, No. 86, Jan. T., 1926, by plaintiff, from judgment of C. P. Northampton Co., June T., 1923, No. 115, on verdict for defendant, in case of George W. Kiefer v. Girard Fire & Marine Insurance Co. of Phila.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit on policy of automobile insurance.   Before STOTZ, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant.   Plaintiff appealed.

*Error assigned* was, inter alia, direction for defendant, quoting record.

*J. W. Paff,* of *Smith & Paff,* for appellant.—The question as to the fraud of the agent was for the jury: Kister v. Ins. Co., 128 Pa. 553; Suravitz v. Ins. Co., 244 Pa. 582; Carozza v. Ins. Co., 62 Pa. Superior Ct. 153; Eilenberger v. Ins. Co., 89 Pa. 464; Susquehanna Fire Ins. Co. v. Cusick, 109 Pa. 157; Meyers v. Ins. Co., 156 Pa. 420; Dowling v. Ins. Co., 168 Pa. 234.

*Horace Michener Schell,* with him *William H. Kirkpatrick* and *Franklin E. Barr,* for appellee.—The contents of an application cannot be attacked by parole where the defense is not predicated thereon and the application is not made part of the policy: Com. v. Ins. Co., 98 Pa. 41; Home Mut. Life Assn. v. Gillespie, 110 Pa. 84; Beddall v. Ins. Co., 28 Pa. Superior Ct. 600; Benvenuto v. Ins. Co., 80 Pa. Superior Ct. 213; Puro v. Ins. Co., 83 Pa. Superior Ct. 164; Miller v. Casualty Co., 62 Pa. Superior Ct. 417.

Warranties must be literally fulfilled: State Mut. F. Ins. Co. v. Arthur, 30 Pa. 315; Skruch v. Ins. Co., 284 Pa. 299.

OPINION BY MR. JUSTICE SCHAFFER, March 15, 1926:

Plaintiff insured his automobile in defendant company against loss by fire in the sum of $3,500. It was burned up and, the company refusing to pay the loss, this action was brought on the policy. On trial the court gave binding instructions for defendant and from the resulting judgment in its favor plaintiff appeals.

The policy contains these provisions: "Warranties. The following are statements of facts known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof......The facts with respect to the purchase of the automobile described are as follows: Purchased by the assured. Actual cost to assured including equipment $4,350." Under cross-examination, plaintiff admitted that he had actually paid for the car but $2,650, $1,150 in cash and an allowance of $1,500 received on another car which he turned in to the seller. It is therefore apparent that his warranty as to the price he paid for the car was false. This being so, he cannot recover: Com'lth Mutual Fire Ins. Co. v. Huntzinger, 98 Pa. 41; Home Mutual Life Assn. of Penna. v. Gillespie, 110 Pa. 84; Miller v. National Casualty Co., 62 Pa. Superior Ct. 417; Benvenuto v. Central Manufacturers' Mutual Ins. Co., 80 Pa. Superior Ct. 213; Puro v. Franklin Fire Ins. Co., 83 Pa. Superior Ct. 164; Skruch v. Metropolitan Life Ins. Co., 284 Pa. 299.

Appellant seeks to avoid the effect of the admittedly false warranty by an offer of testimony tending to show that he was misled into the statement as to the cost of the car by the agent of defendant who negotiated the insurance and who filled in the application for the policy. This testimony the trial judge properly excluded under the authorities heretofore cited. "When there has been no fraud or deception practiced upon the assured which could reasonably lead him to believe that his application contained a fair statement of the facts, it is not competent for him to contradict that which he

signed without caring what it contained": Sitler v. Spring Garden Mutual Fire Ins. Co., 18 Pa. Superior Ct. 148. This is particularly true when warranties are involved.

The application for the insurance, although produced at the trial, was not received in evidence. Whether not being attached to the policy it could have been admitted when offered by plaintiff in view of the first section of the Act of May 11, 1881, P. L. 20, which provides that, unless so attached, "no such application......shall be received in evidence, in any controversy between the parties to, or interested in, the said policy......," we need not decide, because even if the application had been in evidence appellant's offer of proof would have been unavailing to overcome his warranty.

We cannot lend our sanction to wagering contracts of insurance on automobiles any more than we can on other kinds of property. Admittedly appellant overinsured his car. Contracts of insurance are contracts of indemnity and as respects insurance on automobiles no warranty could be more material to the risk than that of the price paid for the car by the insured.

The judgment is affirmed.