# McCaffrey *v.* Knights and Ladies of Columbia, Appellant.

*Beneficial associations—Insurance—Application—Misstatement—Risk—Married woman—Affidavit of defense.*

In an action against a beneficial association to recover death benefits, it appeared that the member was a married woman, and that at the time she made application for membership she was nineteen years old, and had been ten months married. The constitution and by-laws of the association provided that married women might be members, and a condition printed on the back of the certificate showed clearly that the association anticipated the probability of the pregnancy of such a member during the life of the policy. An affidavit of defense filed by the association set up that the deceased falsely stated that she was not pregnant at the time the application was made. The affidavit asserted that she was pregnant, and that a few months afterwards she gave birth to a child, and "thereafter died from the effects of illness contracted during the time of her confinement." The

affidavit averred merely that this statement was material to the risk, but did not set forth any facts to show that this was the case, or that the association would have refused the risk, or increased the premium, if it had known the truth. *Held,* that the court committed no error in entering judgment for want of a sufficient affidavit of defense.

A fact is material to the risk when, if known to the underwriter it would have caused him to refuse the risk, or would have been a reason for his demanding a higher premium.

Argued Oct. 31, 1905. Appeal, No. 149, Oct. T., 1905, by defendant, from order of C. P. No. 1, Allegheny Co., June T., 1905, No. 116, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Patrick F. McCaffrey v. The Knights and Ladies of Columbia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for death benefits.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Harry Alvan Hall,* for appellant.—There can be no recovery on a policy where there has been a false representation of a material fact, although the death of the insured was not produced by a cause connected with the subject of such representation : Hartman v. Ins. Co., 21 Pa. 466 ; Carson v. Metropolitan Life Ins. Co., 1 Pa. Superior Ct. 572; March v. Metropolitan Life Ins. Co., 186 Pa. 629 ; Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527 ; Aicher v. Metropolitan Life Ins. Co., 6 W. N. C. 332; Meyers v. Woodmen of the World, 193 Pa. 470 ; Mengel v. Northwestern Mutual Life Insurance Company, 176 Pa. 280 ; Wall v. Royal Society of Good Fellows, 179 Pa. 355 ; Life Insurance Company v. Judge, 191 Pa. 484 ; Hermany v. Fidelity Mutual Life Association, 151 Pa. 17.

*F. C. McGirr,* with him *John Marron,* for appellee.—The misstatement was not material to the risk : Clason v. Smith, 3 Wash. C. C. Rep. 156; Vivar v. Supreme Lodge K. of P., 52 N. J. L. 455 (20 Atl. Repr. 36) ; Fitch v. Ins. Co., 59 N. Y.

557; Anders v. Supreme Lodge, 51 N. J. L. 175 (17 Atl. Repr. 119) ; March v. Ins. Co., 186 Pa. 629 ; Royal Neighbors v. Wallace (Neb.), 99 N. W. Repr. 256 ; Security Trust Co. v. Tarpey, 182 Ill. 52 (54 N. E. Repr. 1041).

OPINION BY MR. JUSTICE MESTREZAT, January 22, 1906 :

This was assumpsit brought by the plaintiff, Patrick F. Mc-Caffrey, to recover $1,500 which he alleges is due him as the beneficiary of his wife, Mary McCaffrey, to whom was issued a certificate of membership in the Knights and Ladies of Columbia, the defendant in this action. The certificate is dated December 11, 1903, and for the consideration therein named it was agreed that " this Order will, upon satisfactory proof of the death of the above named member and upon the surrender and cancellation of this certificate pay to Patrick F. McCaffrey, bearing relation to her of husband, the sum of one thousand five hundred dollars." Mrs. McCaffrey died August 19, 1904. The defendant filed an affidavit of defense in which it is averred, inter alia, that in the application for membership in the order, Mrs. McCaffrey " made misrepresentations and statements which were untrue in regard to matters material to the risk, in that she replied, ' No,' to question No. 28, which was, ' Is the applicant pregnant ? ' thereby making a warranty to the defendant company that she, the said Mary McCaffrey at the time of her making such application for beneficial membership in the defendant order, on the 8th day of December, 1903, was not pregnant, when, as a matter of fact, she was pregnant at the time of making such application, and gave birth to a female child on the first day of May, 1904, and thereafter died from the effects of an illness contracted during the time of her confinement." The plaintiff took a rule for judgment for want of a sufficient affidavit of defense which, after argument, was made absolute, and judgment was entered against the defendant. The sufficiency of the part of the affidavit of defense above quoted is the only matter requiring consideration here.

The first section of the Act of June 23, 1885, P. L. 134, 1 Purd. 1046, provides : " Whenever the application for a policy of life insurance contains a clause of warranty of the truth of the answers therein contained, no misrepresentation or untrue statement in such application, made in good faith by the appli-

cant, shall effect a forefeiture or be a ground of defense in any suit brought upon any policy of insurance issued upon the faith of such application, unless such misrepresentation or untrue statement relate to some matter material to the risk."

A contract of insurance is to be interpreted by the same rules as is any other contract, and must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as such intention is ascertainable: 16 Am. & Eng. Ency. of Law (2d ed.) 927; Yoch v. Home Mutual Insurance Company, 111 Cal. 503. We think it clear that the company in issuing the policy did not regard the pregnancy of Mrs. McCaffrey either at the time of the application or during the life of the policy as material to the risk. A fact is material to the risk when, if known to the underwriter, it would have caused him to refuse the risk, or would have been a reason for his demanding a higher premium: Hartman v. Keystone Insurance Company, 21 Pa. 466. It is not claimed by the defendant company that it does not insure married women. On the contrary, the application and also the constitution and by-laws show that married women are admitted to beneficial membership in the order. Section 32 of the "laws of the supreme council" provides that: "All white persons of good moral character, who have arrived at the age of eighteen years, and who have not passed their fiftieth birthday, may be admitted as beneficial members." And the following questions and answers in the application show that at the time it was made the assured was a married woman: "Are you married? Yes. If so, how long? Ten months." We cannot assume that the pregnancy of a married woman would be regarded as material by the insurer in a beneficial company governed and controlled by such rules and regulations. As said by Judge SHARSWOOD when in the district court of Philadelphia (Lefavour v. Insurance Company, 1 Phila. 558): "In insuring the life of a young married woman for the whole term of her natural life, the company must be presumed to know that, in the ordinary course of things, it is a peril she must expect frequently to encounter." In this case the defendant knew from the answers in the application that the assured was a young woman, nineteen years of age, and had been married ten months. It follows that the company, when it took the risk, must have ex-

pected the pregnancy of the woman at the date of the application, or during the life of the policy. Not only is such the manifest conclusion from the facts stated, but one of the conditions printed on the back of the policy clearly anticipates the probability of her pregnancy during the life of the policy. That condition is as follows : " In case any female, who is a beneficial member of this order and the holder of this certificate, shall be attended at confinement or miscarriage by any midwife, or any one who is not a regularly licensed practitioner of medicine, and shall die or become totally disabled as the result of such confinement or miscarriage, then this certificate shall become null and void and of no binding effect upon this order." It will be noticed that the failure even to comply with this condition of the policy will not avoid the contract unless the assured " shall die or become totally disabled as the result of such confinement or miscarriage." In the present case the affidavit of defense does not allege that the assured died as a result of her confinement but " from the effects of an illness contracted during the time of her confinement." It is therefore apparent that, in entering into this contract, the company anticipated the probability of the pregnancy of the assured at some time during the continuance of the policy, and fully understood that the fact was not to affect the validity of the contract unless the assured failed during her confinement to observe the precautions set forth in the agreement. The pregnancy of the assured was clearly not material to the risk assumed by the defendant's policy.

In addition to the above consideration we may suggest that if the company deemed the pregnancy of the assured material and desired to defend against the action on the ground that the answer to the question intended to elicit that information was false, the affidavit should have stated the facts from which the materiality of the question and answer could have been determined by the court. It is well settled that an affidavit of defense is bad which states a conclusion of law without giving the facts from which the court can determine the law of the defense. This affidavit merely avers that the pregnancy of the assured was " material to the risk." This was simply a conclusion. The fact of the assured's pregnancy would only be material, as we have seen, if being disclosed to the under-

writer it would have caused him to refuse the risk or to demand a higher premium. Unless such would have resulted from his knowledge of her pregnancy at the time the policy was written, the fact would not have been material to the risk, and consequently an untrue answer to the interrogatory would not have avoided the contract. It was therefore incumbent upon the defendant to set out in its affidavit of defense that the knowledge of the assured's pregnancy would have caused the underwriter to refuse the risk or to have increased the premium. Had it done so, the question would have been for the jury as in Lefavour v. Insurance Company, 1 Phila. 558.

The judgment is affirmed.