Verbich et ux. *v.* Greek Catholic Union of Russian Brotherhoods of United States of America, Appellant.

Argued April 13, 1939.

Before Keller, P. J., Cun-
ningham, Baldrige, Stadtfeld, Parker, Rhodes and
Hirt, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of
*Doty & Thornton* and *Michael W. Huron,* for appellant.

*Paul N. Barna,* with him *Louis Vaira,* for appellees.

OPINION BY HIRT, J., September 27, 1939:
Plaintiffs are the named beneficiaries in a life certifi-
cate issued by the defendant, an incorporated fraternal
beneficial society. The case is here on appeal upon an
agreed statement of the following essential facts:

On September 6, 1934, defendant issued a Juvenile
Beneficial Certificate upon the life of Julia Verbich
in the sum of $500. In November, 1935, Julia Verbich
was treated by her physician for endocarditis, and in
May, 1936, she was found to be suffering from tubercu-
losis. It does not appear that the insured minor knew
the nature of her ailment, but from May 25, 1936, until
her death from tuberculosis on December 19, 1936,

she was treated for that malady by the family physician. Plaintiff parents were informed on May 28, 1936, that their daughter was tubercular. On June 27, 1936, while insured was suffering from tuberculosis and was in bad health, she then being over sixteen years of age, there was presented to defendant a request in writing for increase of death benefits from $500 to $1,000. This application was signed by the minor and also by her parents, the plaintiffs herein. The application is entitled "Desire of a member for increase of Death Benefit," and over the signature of insured and her parents, recites: "I obligate myself to be subordinate to the By-Laws, regulations and resolutions of whatever kind adopted by the organization at its Conventions. I obligate myself to pay all dues on time according to the provisions of the By-Laws. In case of noncompliance with my duties, or if I have given false allegations in this blank, or if I have concealed certain facts, which would prevent me the granting of a sufficient death benefit, I renounce all my rights and privileges for such benefit from Juvenile Division of the 'Greek Catholic Union of Russian Brotherhoods' and this obligation is also for my family, or for my heirs." In answer to a question therein: "Is applicant for increased benefit in full health?" the reply given therein was "she is healthy." In the application it is also stated that applicant had not resided in a home where anyone was ill with tuberculosis, and in answer to a request to list the ages and health condition of parents, brothers, and sisters, applicant listed herself among the sisters and stated that she and they were "healthy." No medical examination of applicant was made by a physician representing the defendant. Relying solely upon this application for increased benefits, defendant on August 7, 1936, issued "an ordinary whole life certificate" in the sum of $1,000 on the life of Julia Verbich in favor of her parents, the plaintiffs. The benefit certificate contains the following provision: "This Certificate the Charter or Articles of Incorporation, the Constitution

and By-Laws of the Union and the Application and Medical Examination, signed by the Applicant, and all amendments to each thereof, constitute the agreement between the Union and the member."

Since at the time of the application the insured was suffering from tuberculosis, and this fact was known to her parents who signed the application with her, the representations in the application that she was in good health were fraudulent inducements upon which the benefit certificate was issued, and plaintiffs are barred from recovery unless the certificate is valid under the by-laws of defendant Union.

Plaintiffs rely upon the rules and regulations of the "Supreme Assembly" in which there are contradictory and inconsistent provisions. One section of these regulations states that a member of the Youth's Branch upon attaining the age of sixteen years *must* transfer either to adult membership in a society of the defendant Union or to its Gymnastic Branch. Another section provides that all members of the Youth's Branch who have attained the age of sixteen years *"may* remain in the Youth's Branch but *must* increase their death benefits to $1,000 (italics ours)." It is under this latter section that plaintiffs made the application for increased benefits, and it is contended that since the increase was required, plaintiffs can recover because in making an application for the increase they did only what they were obliged to do to continue the beneficial membership of their daughter in the defendant Union.

The confusion in this case arises from the word "Supreme" in the title of the branch of the defendant organization which made the rules upon which plaintiffs rely. The Supreme Assembly was not supreme but was merely the executive branch of defendant Union. The supreme authority and law-making body was the Supreme Convention. In the application for increased benefits both insured and the plaintiffs obligated themselves to be bound by "the by-laws, regulations, and resolutions of whatever kind adopted by the

organization at its Conventions," and the certificate as issued contains a similar provision.

The rule of the executive branch relied upon is inconsistent with the by-laws of the Convention, the supreme authority, and therefore must give way to them. The supreme law of the Union in effect at the time of the delivery of the benefit certificate provides that members of the Youth's Branch who reach the age of sixteen years must transfer to the Senior or Gymnastic Branch and may increase their death benefit by filing a written application for such change. There is nothing in the supreme law of the Union which requires an application for increase of benefits to $1,000 at age sixteen or obligates the Union to grant the increase. The application in this case, therefore, is no different from the application of any member for increased benefits and was so treated by the defendant.

Defendant waived the medical examination and relied upon the representations of sound health. The application, by the terms of the benefit certificate as delivered, became a part of the contract. In the application it was falsely represented that insured was of good health, and these representations certainly related to a matter material to the risk: *Miller v. National Casualty Company*, 62 Pa. Superior Ct. 417. "A fact is material to the risk when, if known to the underwriter, it would have caused him to refuse the risk, or would have been a reason for his demanding a higher premium:" *McCaffrey v. Knights of Columbia*, 213 Pa. 609, 63 A. 189.

Because of false representations material to the risk plaintiffs are barred from recovering more than $503.12, the amount which defendant concedes that plaintiffs are entitled to recover by reason of the former membership of insured in the Youth's Branch of defendant Union.

It appears in the stipulation (5a) and in the record that this amount was paid by defendant to plaintiffs before the appeal was taken.

The judgment is accordingly reversed and is here entered for defendant.