**MONARCH LIFE INSURANCE CO.**

v.

**Mary Ellen DONAHUE, Executrix of the Estate of Ricky Donahue, Mary Ellen Donahue, in her own right and as Guardian for her minor son, Joshua Donahue and Joshua Donahue**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.**

Civ. A. No. 88–6509.

United States District Court, E.D. Pennsylvania.

March 27, 1989.

Alan K. Cotler, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

Dennis F. Feeley, Cohen, Knaso Feeley & Ortwein, Easton, Pa., for defendants.

Michael P. Shay, Bethlehem, Pa., for defendants Mary Ellen Donahue, Executrix of the Estate of Ricky Donahue, Mary Ellen Donahue, in her own right.

C. Clark Hodgson, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendants Merrill Lynch, Pierce, Fenner & Smith, Inc.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Plaintiff Monarch Insurance Company ("Monarch") has brought this action against the widow/executrix and minor son of Ricky Donahue ("Donahues") seeking a declaratory judgment that a life insurance policy entered into by itself and Donahue is void *ab initio* by virtue of material misrepresentations made by Donahue in his application for insurance. Merrill Lynch, Pierce, Fenner and Smith, Inc. ("Merrill Lynch") has been joined as third-party defendant. At a prior stage in the proceedings, I stayed any claims against Merrill Lynch pending completion of an arbitration proceeding conducted pursuant to a contract between Donahue and Merrill Lynch. Now Monarch has moved for summary judgment against the Donahues, and the Donahues have responded. For the reasons that follow, I shall grant plaintiff's motion, contingent upon Monarch's refunding to the Donahues the $44,000 premium received, and paying interest thereon from the date of receipt, October 3, 1986, to the date of reimbursement, computed at the statutory rate of six-percent.

1. Under Pennsylvania law, an insurance policy is voidable for misrepresentation if the insured's declarations in the application for insurance were: a) false; b) material to the risk insured; and c) made in bad faith or with knowledge of their falsity. *Van Riper v. Equitable Life Assur. Soc. of U.S.*, 561 F.Supp. 26, 30 (E.D.Pa. 1982), *aff'd mem.*, 707 F.2d 1397 (3d Cir. 1983). In addition, the insurer must establish that it relied upon the misstatements in issuing the policy. *Piccinini v. Teachers Protective Mutual Life Ins. Co.*, 316 Pa. Super. 519, 529, 463 A.2d 1017 (1983).

2. In his application for life insurance with plaintiff, Ricky Donahue denied having had a "nervous disorder" during the five year period prior to October, 1986. Donahue also denied having been hospitalized or having received "medical or surgical treatment or advice for any ailment, sickness or injury other than colds, minor viral infection, minor injuries and normal pregnancies" during the same period. Plaintiff's Brief ("Pl. Br."), Exhibit B, Application for Insurance, Section I. On the record before me, I find that these representations were unambiguously false. In November, 1981, Donahue was treated by Dr. George Lenyo for making unusual nocturnal noises in his sleep. Pl. Br., Exhibit F. In January, 1982, Donahue suffered at least three grand mal convulsions. On January 30, 1983, Donahue suffered another

seizure. On September 19, 1984, Donahue received from Dr. Robert Jaeger a prescription for one thousand doses of Dilantin, to be taken five daily. Donahue received frequent medical attention, including the Dilantin treatment, for his seizures throughout the five year period in question. Pl. Br., Exhibit G.

3. In signing the application for insurance, Donahue agreed "that to the best of your knowledge and belief, all statements and answers in this application are complete and true and may be relied upon in determining whether to issue the policy." Pl. Br., Exhibit B, Application for Insurance, Section IX.

4. Monarch believed the statements made in Donahue's application to be accurate, and issued the policy expressly in reliance on the application and statements made therein. Pl. Br., Exhibit A (Affidavit of Bruce A. Yarber).

5. Inquiries in life insurance applications as to prior medical treatment and hospitalization are material to the risk as a matter of law. *Shafer v. John Hancock Mut. Life Ins. Co.*, 410 Pa. 394, 398–99, 189 A.2d 234 (1963). Donahue's misrepresentations were material as a matter of law.

■ 6. Given the severe nature of Donahue's seizure disorder, the frequency of treatment and the fact that Donahue was under medication for a prolonged period, it is inconceivable that Donahue was unaware that he had suffered from a "nervous disorder" and had received "medical treatment" during the past five years, and that as a result the representations made in the insurance application as to the state of his health within that period were false. Under these circumstances, and on the basis of uncontradicted documentary evidence in the record, the only reasonable inference is that Donahue made these statements in bad faith and with knowledge of their falsity. *Kizirian v. United Benefit Life Ins. Co.*, 383 Pa. 515, 520, 119 A.2d 47 (1956); *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 547, 555, 186 A. 133 (1936).

■ 7. Defendants contend that any misrepresentations by Donahue should be excused in any event because Donahue was induced into making the misrepresentations and signing the application by a Merrill Lynch employee who knew of Donahue's medical condition and failed to insist that accurate information be entered in the application. This contention is barred by an express stipulation in the application, directly above Donahue's signature, that "[y]our [Donahue's] answers will form a part of any policy to be issued, and no medical examiner or registered representative has authority to modify this agreement or waive any of Monarch's rights or requirements." Pl. Br., Exhibit B, Application for Insurance, Section IX.

■ 8. Also barred is defendants' claim that any misrepresentation must be excused because the Merrill Lynch employee physically completed the application, and the answers allegedly recorded on the application by the agent were not the answers orally given to him by Donahue. By certifying the veracity of the representations made in the application by his signature, an insured is estopped not only from claiming that he was induced into making misrepresentations, *supra*, ¶ 7, but also from asserting that questions were not asked or that the answers given were not recorded properly. *Liberman v. Metropolitan Casualty Ins. Co*, No. 85–6277, slip op. at 14–15, 1987 WL 16666 (E.D.Pa. Sept. 1, 1987). See *Van Riper v. Equitable Life Assur. Soc. of U.S.*, 561 F.Supp. 26, 33 (E.D.Pa.1982) (insured's failure to read answers before certifying to accuracy constitutes bad faith as matter of law), *aff'd mem.*, 707 F.2d 1397 (3d Cir.1983); *Prevete v. Metropolitan Life Ins. Co.*, 343 Pa. 365, 369, 22 A.2d 691 (1941) (same; beneficiary estopped from claiming that answers recorded different from answers given).

■ 9. The application for insurance provided that "[i]f a policy is not issued on any basis, Monarch will refund the premium received for life insurance." Pl. Br., Exhibit B, Application for Insurance, Receipt and Conditional Insuring Agreement. Donahue submitted a total single premium of $44,000 with the application. *Id.*, Section III. While the application is silent on

the issue of interest, it is fair under the circumstances here that Monarch also reimburse the Donahues for the interest earned on the premium from the date of receipt, at the statutory rate.

An appropriate order follows.

## ORDER

AND NOW, this 27th day of March, 1989, upon consideration of the Motion for Summary Judgment of plaintiff, Monarch Life Insurance Company, and defendants' response thereto, it is hereby ORDERED that plaintiff's motion is GRANTED. Defendants' decedent's application for life insurance with plaintiff does not constitute a contract for insurance and is void *ab initio*. Plaintiff shall reimburse defendants the $44,000 premium received plus interest thereon computed from October 3, 1986 to the date of reimbursement at the rate of six-percent. This case is placed in civil suspense pending arbitration of the claim between the defendants and Merrill Lynch, Pierce, Fenner and Smith, Inc. Defendants shall report to the court every ninety days regarding the status of the arbitration.