**American Guardian Life Assurance Co. v. Levy**

*David E. Sandel,* for plaintiff.
*Joseph D. Deal,* for defendant.

RUFE, *J.,* February 13, 1992—

OPINION

The defendant, Josephine B. Levy, has appealed an order by the undersigned dated December 9, 1991, granting summary judgment in favor of plaintiff, American Guardian Life Assurance Company.

On or about November 13, 1986, plaintiff sold to the decedent, Robert L. Levy, a non-smoker's life insurance policy naming his wife, Josephine B. Levy as beneficiary. Upon her husband's death on April 12, 1988, from lung cancer, the defendant attempted to collect the proceeds of his insurance policy. The plaintiff refused to pay the proceeds citing the deceased's material misrepresentation that he was a non-smoker. Instead, it rescinded the policy by tendering a check to the defendant in the amount of premiums paid under the policy.

At the time of his initial application, the deceased was required to provide a urine sample to test for the presence of nicotine. By letter dated September 19, 1986, the insurer informed Mr. Levy that his urine tested positive for nicotine and requested an explanation. The deceased indicated that although he did not smoke cigarettes, he ingested other nicotine products. Thereafter, plaintiff issued a non-smoker's policy to Mr. Levy based on his representations.

Plaintiff filed this declaratory action against Mrs. Levy on November 11, 1988, seeking to sustain its rescission of the policy. In its complaint, plaintiff alleged inter alia: (1) the basis of the rescission was the deceased's misrepresentation that he was a non-

smoker; (2) the misrepresentations were material as a matter of law; and (3) were made in bad faith.

Defendant conceded that while her husband misrepresented that he did not smoke cigarettes and that he had not smoked within the 12 months preceding the date of his application, his misrepresentations were unknowing and inadvertent. She contended that her husband actually believed that the "More" cigarettes he smoked were cigars rather than cigarettes. On December 9, 1991, this court granted summary judgment in favor of plaintiff, American Guardian Life Assurance Company dismissing the case with prejudice. In so doing we find that the aforementioned misrepresentations were material and made in bad faith.

A motion for summary judgment should be granted only in cases where the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b) (1990). In ruling upon such a motion, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Mariscotti v. Tinari,* 335 Pa. Super. 599, 601, 485 A.2d 56, 57 (1984).

In a factually similar case, *New York Life Insurance Company v. Johnson,* 923 F. 2d 279 (3d Cir. 1991), an habitual smoker applied for a non-smoker's life insurance policy. Upon his death, the beneficiary filed a claim for the proceeds of the policy. The insurer refused to pay the proceeds. Shortly thereafter, the insurer sought to rescind the policy by tendering a check to the beneficiary for the premiums paid under the policy. The *New York Life* court enunciated a three-prong test for determining when an insurer is entitled to rescind

a policy for misrepresentation. Three elements must be established: (1) the representation must be material to the risk being insured. (2) the representation must be false; and (3) the insured must know that the representation was false when made or made it in bad faith. *Id.* at 281. See also, *Lynch v. Metropolitan Life Insurance Company,* 427 Pa. 418, 424, 235 A.2d 406, 409 (1967), and *Piccinini v. Teacher's Protective Mutual Life Insurance Company,* 316 Pa. Super. 519, 528, 463 A.2d 1017, 1023 (1983).

In addressing the first prong, we note the following line of cases which have consistently held that any fact is material to the risk if an underwriter of a policy would have refused to issue the policy or would have demanded a higher premium. *Hartman v. Keystone Insurance Company,* 21 Pa. 466 (1853); *McCaffrey v. Knights and Ladies of Columbia,* 213 Pa. 609, 612, 63 A. 189 (1906); *A.G. Allebach Inc. v. Hurley,* 373 Pa. Super. 41, 540 A.2d 289 (1988); *Bird v. Penn Central Company,* 334 F. Supp. 255 (D.C. Pa. 1971). Since defendant has conceded that the misrepresentations made by the deceased were material to the risk, the sole issue before us is whether they were made in bad faith.

Based on Mr. Levy's admissions that he was a heavy smoker as well as the depositions of his beneficiary, we now address the second and third prongs of the *New York Life* standard. Defendant contends that the medical evidence is unreliable and contradictory because the medical notes from five different medical reports state different frequencies of tobacco use. While they may be conflicting, they all indicate the deceased's lifelong smoking habit. Notwithstanding medical references to "packs per day" we are convinced by the medical notes which are based on the deceased's con-

versations with medical providers that he was a heavy smoker. These notes are in stark contrast to Mr. Levy's October 22, 1986, response letter in which he disclosed that he had not smoked cigarettes within the preceding 12 months and that he ingested other tobacco products.

We also find his handwritten statement of the same date which indicates that he smoked cigars "1-2 times per year without inhaling" not credible in light of the medical notes cited above. The evidence suggests that even if Mr. Levy did not know that he was actually smoking cigarettes instead of cigars, he knowingly misrepresented his smoking history to the insurance company. The only conceivable purpose of the deceased's misrepresentations was to deceive the insurance company.

Plaintiff has submitted an affidavit from Elizabeth Boutcher, an employee in its underwriting department. She states that she approved the issuance of Mr. Levy's policy in reliance on his representations that he was a non-smoker. Although we can not enter summary judgment based on the affidavit of the moving party, even if uncontested, we may do so based on Mr. Levy's admissions of heavy tobacco usage. See *Garcia v. Savage,* 402 Pa. Super. 324, 586 A.2d 1375 (1991), where the court held that absent admissions from the opposing party, the moving party's oral testimony alone is insufficient to sustain a summary judgment action.

In passing on this motion we note that an insurer should be entitled to rely on the representations made by an insured: *Van Riper v. Equitable Life Assurance Society of the United States,* 561 F. Supp. 26, *affirmed* 707 F.2d 1397 (1982), where the court held that an insurer had no duty to investigate an applicant's medical history; *Kizirian v. United Benefit Life Insurance Company,* 383 Pa. 515, 119 A.2d 47 (1956), which also

held that a life insurer had no duty to investigate and determine the truth or falsity of a material statement made by an insured. See also, *Underwood v. Prudential Insurance Company of America,* 241 Pa. Super. 27, 359 A.2d 422 (1976) which held that an insurer had no duty to inquire or investigate a material representation despite the insured's statement on an application giving notice of its possible falsity.

Under the principles enunciated in *New York Life,* we found the deceased acted in bad faith when he made material misrepresentations to the plaintiff regarding the frequency of his tobacco use. We also found that there is no genuine issue of material fact and that plaintiff is entitled to summary judgment as a matter of law. Based on this reasoning, we entered our order of December 9, 1991.