# Meczkowski v. State Farm Insurance Companies

*Mark A. Primrose,* for plaintiff.
*Pamela A. Carlos,* for defendant.

ZULICK, *J.,* September 13, 2006—This is a dispute over a request for production of documents and letters rogatory by State Farm Insurance Companies which the plaintiff, Marek Meczkowski, opposed. This case arises from the theft of Mr. Meczkowski's 1996 Toyota 4Runner vehicle in New York on September 8, 2003, and his insurance claim against State Farm for the loss of the vehicle.

Mr. Meczkowski filed a complaint seeking recovery for breach of the insurance contract and for bad faith refusal to pay his claim pursuant to 42 Pa.C.S. §8371 on March 11, 2005. State Farm filed an answer to the complaint on June 25, 2005, alleging inter alia in new matter, that following his claim, State Farm sought information from Mr. Meczkowski concerning his residence at the time he acquired the insurance policy and that Mr. Meczkowski refused to provide that information as he was required to do by the terms of the policy.

State Farm sought production of records from Mr. Meczkowski on July 27, 2005. Meczkowski responded with objections to paragraphs 5 through 14 of the request which asked for documentary proof of his residence during the relevant time period. State Farm also requested Mr. Meczkowski to authorize the release of records from his employer, S. Bertram Inc., located in Linden, New Jersey. Mr. Meczkowski refused to authorize the release of those records.

State Farm filed a motion on May 8, 2006, seeking an order compelling Mr. Meczkowski to authorize the release of the employment records. On the same date, State Farm filed a motion to compel answers to the request for production of documents that were objected to by Mr. Meczkowski. On May 12, 2006, State Farm filed a motion seeking the issuance of letters rogatory directed to the "appropriate authorities in New Jersey" to take the deposition of the records custodians of S. Bertram Inc. These motions were listed for argument before the court on August 7, 2006.

## DISCUSSION

Mr. Meczkowski has objected to State Farm's attempts to discover information about his residence address at the time his insurance coverage was obtained. Meczkowski contends that the requests were "not relevant to the insurance claim in the above matter and not likely to produce any discoverable information." Meczkowski asserts that since he has continuously paid his insurance premiums as required by his auto insurance policy, he is entitled to compensation for the theft of his automobile pursuant to the terms of the policy. He further contends that the requested discovery would only be relevant if State Farm filed an action seeking to rescind the parties' insurance contract.

Rule 4003.1 of the Rules of Civil Procedure provides, "(a) party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending claim." The comment to Pa.R.C.P. 4003.1(a) provides that:

"(a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

State Farm's new matter raised defenses to paying Meczkowski's claim. One of these defenses was that Meczkowski did not cooperate with State Farm when State Farm requested information from Meczkowski on his residence and the facts related to the loss of the Meczkowski vehicle. State Farm's new matter cited a provision of the insurance contract requiring such cooperation. State Farm also quoted paragraph seven of the Meczkowski insurance policy, which provided as follows:

"(7) Concealment or fraud.

"There is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy."

Meczkowski contends that State Farm has accepted his auto insurance premiums since the inception of the policy, so his insurer should not be permitted to now claim fraud in the procurement of the policy, after a claim has been received. He asserts that such a defense is only

appropriate in an action for rescission of insurance contract.

Meczkowski cites no authority for this position. Other courts which have considered the issue, however, have given leeway to an insurance company to investigate fraud in the procurement of the policy before paying a claim. "The (Pennsylvania Bad Faith) law is meant to dissuade an insurance company from using its economic power to coerce and mislead insureds; it does not purport to interfere with an insurance company's right to investigate and litigate the legitimate issue of misrepresentation in an application." Cf. *Kauffman v. Aetna Casualty & Surety Co.,* 794 F. Supp. 137, 141 (E.D. Pa. 1992); *Jung v. Nationwide Mutual Fire Insurance Co.,* 949 F. Supp. 353, 361 (E.D. Pa. 1997).

Under Pennsylvania law an insurance policy is void for misrepresentation when the insurer establishes three elements: (1) that the representation was false; (2) that the insured knew that the representation was false when made or made it in bad faith; and (3) that the representation was material to the risk being insured. *E.g., Lotman v. Security Mutual Life Insurance Co.,* 478 F.2d 868, 870 (3d Cir. 1973); Shafer v. John Hancock Mutual Life Insurance Co., 410 Pa. 394, 398, 189 A.2d 234, 236 (1963); *A.G. Allebach Inc. v. Hurley,* 373 Pa. Super. 41, 52, 540 A.2d 289, 294 (1988); *New York Life Insurance Co. v. Johnson,* 923 F.2d 279, 281 (3d Cir. 1991).

A misrepresented fact is material if being disclosed to the insurer it would have caused it to refuse the risk altogether or to demand a higher premium. *McCaffrey v. Knights and Ladies of Columbia,* 213 Pa. 609, 63 A. 189

(1906); *New York Life Insurance Co. v. Johnson, supra* at 281.

Our Supreme Court considered a situation similar to this one in a life insurance context in *DeBellis v. United Benefit Life Insurance Co.,* 372 Pa. 207, 210, 93 A.2d 429, 430 (1953). That was a suit against a life insurance company for payment of a death benefit. The insurance company defended on the theory that the policy was issued in reliance upon false and fraudulent representations of the deceased and was therefore voidable. The jury returned a verdict for the defendant insurance company. The Supreme Court reviewed the principles which govern the right of an insurance company to avoid a policy because of misrepresentation: "in order to avoid a policy the insurance company must establish not only that the representations in the application were false but also that they were fraudulently made. See also, *Haag v. Prudential Insurance Company of America,* 348 Pa. 614, 36 A.2d 470 (1944); *Travellers Insurance Company v. Heppenstall Company,* 360 Pa. 433, 61 A.2d 809 (1948). To establish fraud, however, 'It is sufficient to show that they [the representations] were false in fact and that insured knew they were false when he made them . . . , since an answer known by insured to be false when made is presumptively fraudulent.' *Evans v. Penn Mutual, supra,* 322 Pa. at 553, 186 A. at 138 (1936)." *DeBellis v. United Benefit Life Insurance Co., id.,* 372 Pa. at 210, 93 A.2d at 430 (1953).

Mr. Meczkowski's complaint alleges that his vehicle was stolen from the street in front of his in-laws' house in "New York" at 5 a.m. on or about September 8, 2003. See complaint, paragraph 6. It would certainly be relevant

to State Farm if Mr. Meczkowski's automobile was garaged in New York at the time the policy was written or if he otherwise misrepresented his residence when he sought the auto insurance from State Farm. Since this is a relevant inquiry which may lead to a defense offered at the trial of this case, the discovery will be permitted.[1]

Pennsylvania Rule of Civil Procedure 4011 sets limits on the scope of discovery and deposition as follows:

"No discovery or deposition shall be permitted which

"(a) is sought in bad faith;

"(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

"(c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6;

"(d) is prohibited by any law barring disclosure of mediation communications and mediation documents; or

"(e) would require the making of an unreasonable investigation by the deponent or any party or witness."

---

1. It is true that State Farm has not asked for rescission of the insurance policy at this juncture. However, State Farm alleges that Mr. Meczkowski has failed to cooperate in their investigation to verify his actual residence at the time the policy was applied for. If discovery is allowed, and State Farm finds that the Meczkowski vehicle was actually garaged at a location other than that set forth in the insurance application, they may have the right to amend their pleading to reflect that fact and to present a defense to the plaintiff's claim. See Pa.R.C.P. 1033.

With this rule in mind, I will examine State Farm's list of requested documents. State Farm requested: voter registration for the years 2001 to present; federal, state and local tax returns with attachments for the years 2001 and 2002; originals of all credit card statements for the years 2001 to present; originals of all bank statements including but not limited to, checking and saving accounts, check registers and withdrawal slips for the years 2001 to present; copies of all health insurance records reflecting your address for the years 2001 to the present; copies of all employment records including W2 forms, benefits packages, etc., for the years 2001 to present; copies of all telephone bills for the premises in New York for the years 2003 to present; copies of all cellular phone bills for the years 2003 to present; copies of all electric and gas bills for the premises in New York for the years 2003 to present; proof in the form of tickets, bills, receipts, confirming Mr. Meczkowski's presence in Poland during the time period from November 2003 through March 2004.

Mr. Meczkowski purchased the insurance policy on or about May 1, 2003. The vehicle was stolen on September 8, 2003, and State Farm was notified on or about September 13, 2003. The period from 2001 to 2003 provides a reasonable period to use to gauge Mr. Meczkowski's actual residence at the time of his application for automobile insurance. However, his residence after the theft of his car is plainly immaterial; the question is where was his car garaged at the time he applied for his insurance policy, and consequently whether he misrepresented that information on his application. Once the car had been stolen, records are no longer relevant and so not discoverable under Rule 4003.1.

As a result, I will compel some of the requested discovery. I will not compel discovery of health care records due to privacy interests or documents relating to the period subsequent to the theft of plaintiff's car, since they are not relevant to proof of misrepresentation when the policy was applied for or when the vehicle was stolen.

State Farm is entitled to copies of plaintiff's voter registration for the years 2001 through 2003, his federal, state and local tax returns with attachments for the years 2001 and 2002, and credit card statements for the years 2001 through 2003. These documents directly relate to plaintiff's residence at the time he originally purchased the auto insurance and his residence since the time of purchase, information that is directly relevant to this matter.

State Farm shall be entitled to plaintiff's checking account records for the period from 2001 through 2003. State Farm is not entitled to copies of all health insurance records reflecting plaintiff's address for the years 2001 to the present. Plaintiff's privacy interest outweighs the relevance of this information. See *Stenger v. Lehigh Valley Hospital Center,* 530 Pa. 426, 609 A.2d 796 (1992).

State Farm is entitled to copies of plaintiff's W2 forms from his employment records for the years 2001 through 2003. State Farm is likewise entitled to copies of all telephone bills for the premises in New York identified by the discovery requests for the years 2001 through 2003, and copies of all electric and gas bills for the premises for the years 2001 to 2003, to the extent these were plaintiff's bills. Additionally, State Farm's requests for copies of all cellular phone bills for the year 2003 will be granted.

Likewise, State Farm's request to depose the custodian of records of Meczkowski's employer regarding information concerning plaintiff's address during the relevant times will be granted, as this information is directly relevant to the case and does not violate the rules of discovery. Plaintiff also is directed to sign an authorization for release of records from S. Bertram Inc.

I will direct plaintiff to produce the documents and compel with discovery as specified above. If discovery establishes the need for additional information from plaintiff, an appropriate motion may be filed if the parties are not able to resolve the question themselves.

## ORDER

And now, September 13, 2006, it is ordered

(1) Plaintiff's objections to defendant's request for documents are denied in part and granted in part. Plaintiff shall provide copies of the information identified in this opinion.

(2) Plaintiff is directed to sign an authorization for release of records from S. Bertram Inc.

(3) Defendant's request for letters rogatory is granted and defendant may depose the custodian of records of S. Bertram Inc.